UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:26-cv-01524-WLH-AYP | Date | June 18, 2026 |
|---|---|---|---|
| Title | *Angels Landing Partners, LLC v. City of Los Angeles et al* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|

| Claudia Garcia-Marquez | None |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:   (IN CHAMBERS) ORDER RE DEFENDANTS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11 [20]**

The Court is in receipt of Defendants City of Los Angeles (the "City") and Kevin De Leon's (collectively, the "Defendants") Motion for Sanctions Under Rule 11. (Motion, Dkt. No. 24).  No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter.  (*See* Standing Order, Dkt. No. 7 at 16).  Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.  The hearing calendared for June 26, 2026, is **VACATED**, and the matter taken off calendar.  For the reasons explained herein, the Court **DENIES** the Motion without prejudice.

On June 12, 2026, Defendants filed this instant motion seeking that the Court impose sanctions on Plaintiff and its attorneys in the amount of $16,500, to be supplemented on Reply.  (Motion at 14).  In its Reply, Defendants request sanctions of $25,000.  (Reply at , Dkt. No. 11).  Plaintiff seeks countersanctions in the amount of $39,754.  (Opp'n at 19).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

When filing this Motion, Defendants failed to comply with Local Rule 7-3, to which the Court expects strict adherence.  (Opp'n at 4-6).  Rule 7-3 requires parties to meet and confer prior to filing a motion, and to certify their compliance with the Rule in the motion itself.[1]

Defendants' counsel contends their Rule 7-3 obligations were fulfilled because they met and conferred on a Rule 11 motion directed to the original complaint (the "Original Sanctions Motion").  (Reply at 6-7; Supplemental Declaration of Molly Stephens ¶ 3).  Plaintiff's counsel, however, argues that "Defendants' counsel did not contact Angels Landing's counsel to schedule a meet-and-confer to discuss the Original Sanctions Motion, and no meet-and-confer concerning that motion occurred."  (Opp'n at 5).  (Declaration of Sahar Pezeshki ("Pezeshki Decl.") ¶ 8); (Declaration of Tom N. Yacko ("Yacko Decl.") ¶ 8).  Even if Parties had discussed the Original Sanctions Motion, however, Parties did not meet and confer to discuss this instant Motion. Accordingly, The the Court finds Defendants' counsel's efforts insufficient to comply with Rule 7-3.

For that reason, the Court **ORDERS** Defendants' Motion stricken.  *See, e.g., Hand & Nail Harmony, Inc. v. ABC Nail and Spa Prods.*, No. SA CV 16-069-DOC-JEM, 2016 WL 9223783, at *2 (C.D. Cal. August 8, 2016) ("The Court may, in its discretion, refuse to consider a motion for failure to comply with Local Rule 7-3.").

---

[1] *See* Local Rule 7-3 (requiring "counsel contemplating the filing of any motion" to "first contact opposing counsel to discuss thoroughly . . . the substance of the contemplated motion and any potential resolution.  The conference must take place at least 7 days prior to the filing of the motion.  If the parties are unable to reach a resolution that eliminates the necessity for a hearing, counsel for the moving party must include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on (date).'").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

The Court also **DENIES** Plaintiff's request for countersanctions. Plaintiff does not represent that it complied with Rule 11's safe harbor requirement by serving Defendants with a copy of motion twenty-one (21) days before filing it. Fed. R. Civ. P. 11(c)(2). Plaintiff also violates the requirements of Rule 11(c)(2) in that its request for sanctions was not made separately but filed as part of the Opposition. *Id*. The Court, therefore, **DENIES** Plaintiff's request for countersanctions.

Finally, the Court admonishes both counsel for being too quick to ask for sanctions. Sanctions are reserved for true malfeasance, and requesting sanctions when they are not actually warranted may, in and of itself, be sanctionable. The Court expects all counsel appearing before it to act with civility.

**IT IS SO ORDERED.**